IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMARR CANNON,
    Plaintiff,

v.

Warden May,
    Defendant.

MEMORANDUM OF LAW
IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

I. INTRODUCTION

Mr. Cannon has been incarcerated under an illegal sentence for over five years. Mr. Cannon believes this court should conclude that Mr. Cannon should be released from custody. The State presented insufficient evidence at the Habitual Offender Hearing which required reversal. The double jeopardy clause of the Fifth and

Fourteenth bars retrial. <u>Lockhart v. Nelson</u> 488 US 33 (1988).

## II. STATEMENT OF THE FACTS

On April 11, 2018 Mr. Cannon was sentenced as a Habitual offender under State law. The State sought Habitual sentencing under 11 Del. C. 4214(d). See Exhibit (Ex.) A. The Superior Court granted the States motion and sentenced Mr. Cannon to Twenty-Five years of imprisonment suspended after four years under 11 Del. C. 4214(d).

Mr. Cannon filed a motion to correct the illegal sentence, arguing that his Habitual offender sentence was illegal because he was not eligible for 11 Del. C. 4214(d). The Superior Court denied the motion and

Cannon appealed.

On appeal, the State conceded that Cannon was ineligible for Habitual offender sentencing under 4214(d) but moved for remand for resentencing under 4214(b). See Ex. B. The Delaware Supreme Court remanded the matter for resentencing under the appropriate provision.

On May 6, 2021 the Superior Court resentenced Mr. Cannon under 4214(b). Cannon appealed.

On appeal, Cannon argued that imposition of the Habitual offender sentence under 4214(b) violated the Double Jeopardy clause of the Fifth and Fourteenth Amendment. The State sought Habitual offender sentencing under 4214(d) and failed to meet it's burden

of showing the requisite number of predicate violent felonies under that provision.

The Supreme Court found Cannon's "claim is without merit because the Superior Court did not increase Cannon punishment after Remand."

### III ARGUMENT

THE DOUBLE JEOPARDY CLAUSE REQUIRES THAT MR. CANNON BE RELEASED FROM CUSTODY BECAUSE A REVERSAL FOR EVIDENTIARY INSUFFICIENCY IS THE FUNCTIONAL EQUIVALENT OF A TRIAL COURT'S GRANTING A JUDGMENT OF ACQUITTAL AT THE CLOSE OF ALL THE EVIDENCE

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall be subject for the

same offense to be twice put in jeopardy. Nelson at 38.

It has long been settled, however, that the Double Jeopardy clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction. Id.

Burks v. United States, 437 U.S. 1 (1978) recognized an exception to the general rule that the Double Jeopardy clause does not bar the retrial of a defendant who reverses his conviction for errors in the proceedings below. Id. at 39. Burks held that when a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the guilty verdit,

The Double Jeopardy Clause bars a retrial on the same charge. Id. The Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to be the same for the defendant who obtains an appellate determination that the trial court should have entered a judgment of acquittal. Id. The fact that the determination of entitlement to a judgment of acquittal is made by the appellate court rather than the trial court should not affect it's double jeopardy consequences. Id.

The State alleged that Cannon was in violation of 11 Del. C. 4214(d). Ex. A. Cannon would need to be convicted of three Title 11 violent felonies to be in violation. Cannon had no Title 11 violent felony convictions. Ex. B. The State

conceded that. Ex. B.

To reverse Cannon sentence because the State failed to meet it's burden beyond a reasonable doubt and to resentence Cannon violate the Double Jeopardy Clause.

## IV. CONCLUSION

For the reasons above, the Court should order Cannon's release. The State, the Superior Court, and the Supreme Court in the lower proceeding may choose to ignore the Double jeopardy exception regarding evidentiary insufficiency recognized in <u>Burks</u> and followed in <u>Nelson</u>. The Third Circuit is operating in accordance with those line of cases. <u>United States v. Jimmy Lee</u> 121 F.3d (3d. Cir 1997).

Date: Feb 16, 2023

JAMARR CANNON
Jamarr Cannon
SBI# 279186
1181 Paddock Rd.
Smyrna, DE
19977